Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000317
06-JUN-2019
07:53 AM

NO. CAAP-17-0000317

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FRANCIS P. KAHAWAIOLAA, Plaintiff-Appellant,
v.
HAWAIIAN SUN INVESTMENTS, INC., a Hawaii Domestic Corporation,
Ronald J. Blanset and Janice M. Blanset,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-0180)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant Francis P. Kahawaiolaa (Plaintiff) appeals from the Amended Judgment, filed March 7, 2017, (Amended Judgment) in the Circuit Court of the Third Circuit (circuit court).[1]

This appeal arises from a commercial landlord-tenant dispute concerning an asserted self-help eviction of Plaintiff's salon company by his landlords, Defendants-Appellees Hawaiian Sun Investments, Inc., Ronald J. Blanset and Janice M. Blanset (collectively, Defendants). In the "Verified Complaint for Immediate Possession of Personal Property, Declaratory and Injunctive Relief and Damages," filed on May 13, 2015, Plaintiff brought a replevin action under Hawaii Revised Statutes (HRS) §

---

[1] The Honorable Greg K. Nakamura presided.

654-1 (1993)[2] and further alleged claims of unfair and deceptive trade practices under HRS Chapter 480 and common law intentional infliction of emotional distress. Plaintiff sought the return of his property, a declaratory judgment stating that his commercial lease remained in effect and enjoining the Defendants from further interfering with Plaintiff's possession of the leased premises, and damages.

On August 26, 2016, after a bench trial, the circuit court issued its Decision and Order (Decision) against Plaintiff, stating that he "failed to sustain his burden of proving that he was not in material breach of the Lease terms at the time [Defendants] locked him out of the leased premises." On December 8, 2016, the circuit court filed its "Findings of Fact [(FOF)], Conclusions of Law [(COL)]" and entered Judgment in

---

[2] HRS § 654-1 states:

> **Information required.** (a) An action may be brought to secure the immediate possession of personal property in any court of competent jurisdiction by filing a verified complaint showing:
>
> (1) That the plaintiff is entitled to the immediate possession of the property claimed;
>
> (2) A particular description of the property claimed; if the property claimed is a portion of divisible property of uniform kind, quality, or value, that such is the case, and the amount thereof which the plaintiff claims;
>
> (3) The actual value of the property claimed;
>
> (4) That the property has not been taken for a tax, assessment, or fine pursuant to a statute, or seized under an execution or an attachment against the plaintiff or the plaintiff's property, or if so seized that it is by statute exempt from such seizure;
>
> (5) That the property is in the possession of a named defendant, and the facts and circumstances relating to the possession thereof by the defendant, according to the plaintiff's best knowledge and belief; and
>
> (6) The names of all persons other than the defendant in possession of the property, having or claiming or who might have or claim to have an interest in the property according to the best belief of plaintiff, all of whom shall be joined as defendants in the action.
>
> (b) If the action already has been commenced, an affidavit may be filed at any time before the case is at issue, containing the information required by subsection (a).

2

favor of Defendants on all claims.  On March 7, 2017, the circuit court entered its Amended Judgment to award $5,752.50 in attorney's fees to Defendants.  On April 3, 2017, Plaintiff timely filed a notice of appeal to this court from the Amended Judgment.

On appeal, Plaintiff contends the circuit court erred in: (1) placing the burden on Plaintiff to show that he was not in material breach of the lease; (2) finding that Plaintiff was in material breach of the lease; and (3) consequently ruling against Plaintiff's various damage claims.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Plaintiff's appeal as follows.

(1) Plaintiff first contends that the circuit court erred as a matter of law in requiring Plaintiff to show, as an element of Plaintiff's claims for replevin and for damages, that Plaintiff was not in material breach of his commercial lease.

COL 1 states:[34]

> 1. Because Plaintiff failed to prove he was not in material breach of the Lease when he was locked out of the leased premises from May 2, 2015 to May 18, 2015, he is not entitled to recover damages because he was precluded from entering the leased premises during this period of time.

On appeal,

> [t]his court reviews the trial court's COLs *de novo*.  A COL is not binding upon an appellate court and is freely reviewable for its correctness.  Moreover, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned.

Bhakta v. Cty. of Maui, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (internal citations, brackets, and quotation marks omitted).

Regarding Plaintiff's replevin claim, it has long been

---

[3] The circuit court in its Decision also stated: "Nevertheless, as to [Defendant's] other justifications for the lock out, [Plaintiff] has the burden of proving that he was not in material breach of the Lease terms.

[4] The circuit court in FOF 21 also stated: ". . . [Plaintiff] did not prove that he was not in material breach of the Lease terms from May 2, 2015 to May 18, 2015."

held in Hawai'i that "[i]n an action in replevin the burden is upon the plaintiff to show that he is entitled to immediate and exclusive possession of the property claimed." Chong v. Young, 39 Haw. 527, 529 (Haw. Terr. 1952) (citing M. Phillips & Co. v. Magoon, 9 Haw. 9 (Haw. Prov. Gov. 1893)). A plaintiff establishes a *prima facie* case upon proving his ownership and prior possession of the property; the burden of proving any special right to the property lies on the opposite party. Consol. Amusement Co. v. Jarrett, 22 Haw. 537, 538 (Haw. Terr. 1915) (citations omitted). Further,

> Where the plaintiff is able to show that the defendant was taking away property of which he had just before been in possession, claiming to own it, it is sufficient, at least, to put the defendant upon proof of his title or right to possession, and in the absence of such proof the plaintiff will be entitled to recover. The admitted quiet and peaceable possession of the property by plaintiffs at the time of the seizure was *prima facie* evidence of title and threw the burden of proof upon the defendant of establishing the contrary. An allegation of right of possession is proved by evidence of ownership of the property where no special right of possession is shown in the opposite party.

Id. (citations and internal quotation marks omitted).

Accordingly, in a replevin claim under the modern statute, HRS § 654-1, it is the plaintiff's initial burden to present a *prima facie* case of replevin. At trial, the Plaintiff testified that he owned a number of personal and business items that he kept in the leased property at the time of seizure. Defendants acknowledged at trial that they changed the locks on the leased property and did not give Plaintiff a key. Defendants stated that they excluded Plaintiff from the leased property and the items inside for sixteen (16) days, allowing Plaintiff access to his items at the end of that period on the advice of their attorney. Thus, there appears to be sufficient evidence in the record to support a finding that Plaintiff's burden to establish a *prima facie* case has been met by his establishment of each element of HRS § 654-1, and "the burden of proving any special right in himself" should have shifted to the Defendants to prove their "title or right of possession" to Plaintiff's personal property. Id.

However, rather than shift the burden to the

Defendants, the circuit court required Plaintiff to additionally prove that Plaintiff was not in material breach of the lease in order to recover. Whether Plaintiff breached the lease is not an element necessary for Plaintiff to succeed on his replevin claim under either HRS § 654-1 or the common law regarding replevin.

Further, a landlord's right to self-help eviction, does not, absent language in the lease, bestow "title or right of possession" to Plaintiff's personal property contained in the leased premises. While Section 10.1 of the lease does provide for Defendants' self-help eviction of the tenant and possession of the leased premises for a material breach, Section 10.1 also explicitly provides that upon exercise of the provision, Defendants "may store, remove and dispose of any of [Plaintiff]'s improvements or personal property at [Plaintiff]'s expense." The lease does not give Defendants title or right to possession of Plaintiff's personal property present in the leased premises, nor does the lease entitle Defendants to deny Plaintiff access to such items. Thus, Defendants' assertion of their self-help right of possession for material breach of a commercial lease fails as a defense to Plaintiff's replevin claim concerning Plaintiff's personal property.

Accordingly, the circuit court erred as a matter of law in requiring Plaintiff to show, as an element of his replevin claim, that he was not in material breach of the lease. On remand, the circuit court should make a determination on Plaintiff's replevin claim, applying the proper burdens of proof.

Regarding Plaintiff's claim for damages for breach of contract and breach of lease stemming from his exclusion from his place of business, Defendants do not address whether the circuit court erred as a matter of law on the issue of burden-shifting. Instead, Defendants recite the evidence of material breach to justify the circuit court's finding of a material breach. Defendants also cite <u>Watson v. Brown</u>, 67 Haw. 252, 257, 686 P.2d 12, 16 (1984) for the proposition that a landlord's common law right to self-help eviction is not strictly precluded as a matter of law.

In <u>Watson</u>, the Supreme Court of Hawai'i noted that, especially in the context of commercial leases, the common law right to self-help eviction rested with the landlord as a remedy for breach of a lease. <u>Id.</u> The supreme court did not preclude self-help eviction as a matter of law, and held that "whether there was a wrongful eviction and breach of the lease were questions of fact for the [finder of fact] to decide [the] case." <u>Id.</u>

In this case, Plaintiff, as a civil plaintiff, has the burden of proving by a preponderance of the evidence that Defendants' self-help eviction of Plaintiff was wrongful. Thus it is Plaintiff's burden to show that Defendants were not entitled to exercise their rights under Hawai'i common law to exclude Plaintiff from the property for material breach of the lease. Proving that Defendants' exercise of their common law right to self-help eviction was not justified necessarily entails Plaintiff's own establishment that he was not in material breach of the lease.

Accordingly, the circuit court did not err as a matter of law in requiring Plaintiff to show that he was not in material breach of the lease as an element of his claim for damages resulting from Defendants' alleged wrongful self-help eviction.

(2) Plaintiff next contends that the circuit court erred in finding as a matter of fact that Plaintiff was in material breach of the lease for failing to obtain a certificate of occupancy and failing to maintain the air conditioners, causing unpaid repair bills.

> In this jurisdiction, a trial court's FOFs are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction that a mistake has been committed.

<u>Chun v. Bd. of Trs. of Emps.' Ret. Sys. of State of Hawai'i</u>, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (citations and internal quotation marks omitted).

Regarding the certificate of occupancy, in its FOF, the circuit court found that:

> 21. Plaintiff did not prove that he used or occupied the leased premises with a certificate of occupancy and so he did not prove that he was not in material breach of the Lease terms from May 2, 2015 to May 18, 2015.

According to the circuit court's FOF, Plaintiff's failure to obtain a certificate of occupancy violated the Hawai'i County Code[5] and thus did not comply with Sections 3.7 and 5.4 of the lease, which state in relevant parts:

> Section 3.7 <u>Observance of Laws</u>. Lessee will at all times during the term observe and comply with all laws, ordinances, and rules and regulations now or hereinafter made by any governmental authority and applicable to the occupancy or use of the Premises or the conduct of any business therein or to the use of the common areas.

> Section 5.4 <u>Alterations</u>. . . . any such alterations, additions or improvements and in using and occupying the premises, comply with Building Code and ordinances of the County of Hawaii and all the laws of the State of Hawaii pertaining to such work, use or occupancy[.]

Regarding the air conditioners, the circuit court's FOF simply states:

> 26. Under Section 5.1.c) of the Lease, "Lessee shall maintain an air conditioners (A/C) contract to clean drainage pans and change air filters on three month interval."

In its Decision, the circuit court provided additional context when it found that:

> Under Section 5.1. c) of the Lease, "Lessee shall maintain an air conditioners (A/C) contract to clean drainage pans and change air filters on three month interval." If it is true that [Plaintiff] failed to maintain an air conditioner maintenance contract and repairs to air conditions were required, then this could constitute a material breach of the Lease terms. [Plaintiff] has failed to sustain his burden of proving that he did not materially breach the Lease terms on this point.

In defining a material breach in the context of commercial leases, the Hawai'i Supreme Court has held that:

> A rescission is not warranted by a mere breach of contract not so substantial and fundamental as to defeat the object of the parties in making the agreement. Before partial failure of performance of one party will give the other the right of rescission, the act failed to be

---

[5] Hawai'i County Code 1983 (2016 edition) § 5-45 states in relevant part:

> No building or structure shall be used or occupied, and no change in the existing occupancy classification of a building or structure or portion thereof shall be made until the building official has issued a certificate of occupancy therefor as provided herein.

7

performed must go to the root of the contract or the failure to perform the contract must be in respect of matters which would render the performance of the remainder a thing different in substance from that which was contracted for.

In construing a contract, a court's principal objective is to ascertain and effectuate the intention of the parties as manifested by the contract in its entirety. If there is any doubt, the interpretation which most reasonably reflects the intent of the parties must be chosen. . . . A landlord's right to cancel for breach is not unlimited. One significant limitation is based on the common-sense notion that even if the parties gave formal consent to lease language providing that "any breach" gives rise to a right of termination, the possibility for breach of a modern commercial lease are virtually limitless and undoubtedly the parties did not have in mind minor or technical failures to adhere to lease provisions. Moreover, the potential harshness inherent in abruptly declaring a lease at an end, especially where the party in breach stands to suffer substantial loss from its termination, makes courts reluctant to enforce forfeiture clauses or to allow other involuntary termination of leases, and has resulted in the widely accepted "material breach" rule. Nearly all courts hold that, regardless of the language of the lease, to justify a cancellation, forfeiture, or other premature termination of a lease, the breach must have been "material," "serious," "substantial," or the like.

Aickin v. Ocean View Invs. Co., Inc., 84 Hawai'i 447, 460-61, 935 P.2d 992, 1005-06 (1997) (block quote format altered) (citations, footnote, emphases, brackets, ellipsis, and internal quotation marks omitted).

Therefore, we look first to the lease as a whole to examine the intent of the parties in entering the lease and second to the breaches themselves to determine whether they go to the "root" of the lease.

The lease in this case was signed for a term of five years, with an optional five year extension, for property to be used solely as a "Specialty Hair Salon and Spa and Office." Plaintiff accepted the property "as is" and was responsible for constructing any improvements including flooring, plumbing and fixtures, paint, ceiling tile modifications, ventilation modifications, door and window modifications, and electrical modifications; obtaining all relevant plans and permits; and paying all associated fees. Any additions, alterations, or improvements made by the Plaintiff became part of the building and the property of the Defendant upon termination of the lease.

8

Thus, on its face, the lease indicates the Defendants' objectives included assurance of a long-term, monthly income and use of the property by the Plaintiff. The Plaintiff's obtaining of a certificate of occupancy and maintaining of an air conditioning maintenance contract were peripheral to the parties' primary purpose in entering the lease and thus violations of those provisions did not constitute a material breach. Id. at 461, 935 P.2d at 1006.

Regarding the certificate of occupancy in particular, the Hawai'i Supreme Court has held that a breach of an "Observance of Laws" provision is not inherently a material breach of a commercial lease if the breach does not go to the "root" of the agreement. Id. at 459-60, 935 P.2d at 1004-05. Defendant's present no evidence or argument on appeal that the certificate of occupancy rises beyond the level of a mere breach of the terms of the lease so as to defeat their object or purpose in entering into the lease.

Regarding the air conditioning maintenance contract, the circuit court made no finding of fact that Plaintiff was actually in breach of the lease on this issue, merely quoting the lease provision without further conclusion in the FOF, COL.

As there is no evidence in the record that Plaintiff's enumerated breaches defeat the object of the parties in making the lease, the circuit court erred in finding as a matter of fact in its Decision and in FOF 21 and 26 that Plaintiff's failures to obtain a certificate of occupancy and maintain an air conditioning service contract constituted material breaches of the lease by Plaintiff.

(3) Plaintiff finally contends that the circuit court erred in ruling against Plaintiff's various damages claims.

On this issue, we are guided by the Hawai'i Supreme Court's analysis in Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 613-14, 575 P.2d 869, 875-76 (1978):

> In an action for declaratory judgment, the court is empowered to grant ancillary equitable relief. And in the exercise of its general equity jurisdiction over forfeitures and penalties, it may afford relief against forfeiture for the breach of a covenant in a lease. The basic rationale for affording relief in these cases was expressed by this

court in <u>Henrique v. Paris</u>, [10 Haw. 408,] 411 [(Haw. Rep. 1896)]:

> Courts of equity regard the performance of covenants in leases as the real object desired, and the right of entry as mere security for such performance, and so they do not always hold parties strictly to their legal rights, but often relieve against a forfeiture, especially is [sic] full and exact compensation can be made to the injured party.
>
> Equity does not favor forfeitures, and where no injustice would thereby be visited upon the injured party, equity will award him compensation rather than decree a forfeiture against the offending party. Accordingly, where the lessee's breach has not been due to gross negligence, or to persistent and wilful conduct on his part, and the lessor can reasonably and adequately be compensated for his injury, courts in equity will generally grant relief. This matter is addressed to the sound discretion of the trial court acting in accordance with established principles of equity, and its determinations will not be set aside unless manifestly against the clear weight of the evidence. And in exercising its equity powers to relieve from forfeiture, the trial court is empowered to fashion a decree to meet the requirements of the situation and to conserve the equities of the parties.

(Internal citations and quotation marks omitted).

As has long been held in this jurisdiction, the appropriate remedy for breach of a lease that does not "defeat the object of the parties in making the agreement" rising to the level of a material breach lies in equity in the discretion of the circuit court rather than forfeiture. <u>Aickin</u>, 84 Hawai'i at 455, 462, 935 P.2d at 1000, 1007; see <u>Kanakuni v. De Fries</u>, 21 Haw. 123, 126-27 (Haw. Terr). Accordingly, we review whether or not the circuit court abused its discretion in refusing to exercise its equitable powers to allow Plaintiff to prevail even though he non-materially breached the lease. <u>Aickin</u>, 84 Hawai'i at 455, 935 P.2d at 1000 ("[T]he issue becomes whether the trial court abused its discretion in refusing to exercise its equitable powers to allow Lessees to prevail even though they caused the harm about which they complain.").

Here, the circuit court abused its discretion in COL 1, FOF 21, and the Decision when it declined to award damages to Plaintiff based on the circuit court's conclusion that Plaintiff was in material breach of the lease. In light of our conclusion that Plaintiff's breaches were not material, we conclude that any damages to Defendants must be weighed in equity against any

10

damages to Plaintiff stemming from Defendants' own actions in breach of the lease. On remand, the circuit court should act in accordance with established principles of equity to balance the damages to Defendants stemming from Plaintiff's breaches and the damages to Plaintiff stemming from Defendants' own breaches of the lease, as detailed in the circuit court's FOF 9 and 13-17.[6]

As to Plaintiff's claims of unfair and deceptive acts or practices, intentional infliction of emotional distress, and punitive damages, the circuit court erred insofar as it denied these claims based on its finding that Plaintiff was in material breach of the lease and that Defendants did not breach the lease. On remand, the circuit court should address whether Defendants' conduct satisfies the elements of any of the alleged offenses.

Finally, as we have held Defendants' self-help eviction unwarranted in the present case, Plaintiff is the prevailing party on the disputed main issue for purposes of apportioning attorney's fees and costs. Kahuku Agr. Co. (Hawaii), Inc. v. P.R. Cassiday, Inc., 68 Haw. 625, 628, 725 P.2d 1186, 1188 (1986) (holding that the lessee was the prevailing party in an action against self-help eviction where the outcome of the case merely reinstated the lease); Food Pantry, Ltd., 58 Haw. at 620, 575 P.2d at 879 ("[W]here a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." (footnote omitted)). Accordingly, the circuit court erred in granting attorney's fees and costs to the Defendants as the prevailing party.

Based on the foregoing, we vacate the Decision and Order, filed August 26, 2016; Findings of Fact, Conclusions of Law, filed December 8, 2016; Order Granting in Part and Denying in Part Defendants Motion for Attorney's Fees, filed March 7, 2017; and the Amended Judgment, filed March 7, 2017. We remand

---

[6] These breaches include: (1) Defendants' continuing with the self-help eviction after accepting Plaintiff's substantial overpayment of rent, (2) possession of Plaintiff's $12,000 for over a year and failure to reduce the rent due under the lease as agreed, and (3) the alleged damages to Plaintiff's business as a result of its forced closure due to the self-help eviction.

this case to the Circuit Court of the Third Circuit for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, June 6, 2019.

On the briefs:

Peter L. Steinberg,
for Plaintiff-Appellant.

Al Thompson,
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge